UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI, | No. 2:23-cv-2675 KJN P |
| Plaintiff, | |
| v. | ORDER |
| ATTORNEY GENERAL OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff is a county prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These

1  payments will be forwarded by the appropriate agency to the Clerk of the Court each time the
2  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.
3  § 1915(b)(2).
4       The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
6  court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally
7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).
9       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11 Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an
12 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
13 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
14 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
16 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
17 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
18 1227.
19      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
20 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
22 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
23 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
24 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
25 sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.
26 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
27 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.
28 Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are the Attorney General of California, Sacramento County Counsel, Placer County Counsel, and the California Legislature.  Plaintiff appears to claim that public defenders, appointed to represent indigent defendants, routinely provide ineffective assistance of counsel.  Plaintiff appears to allege that the named defendants know of the ineffective assistance of counsel provided by public defenders.  Plaintiff seeks money damages and unspecified injunctive relief.

At the outset, it appears that plaintiff may be attempting to bring a class action on behalf of indigent defendants represented by public defenders in California.  Plaintiff, however, is a non-lawyer proceeding without counsel.  It is well established that a layperson cannot ordinarily represent the interests of a class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by plaintiff.

There are multiple issues with the complaint.  First, plaintiff fails to plead facts demonstrating that he has standing to bring the claims raised in his complaint.  In order to establish standing to bring a federal lawsuit, a plaintiff must satisfy the "case" or "controversy" requirement of Article III of the Constitution by showing three things:

> First [he must have] suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of .... Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

3

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (quotations and citations omitted).

Plaintiff appears to claim that defendants failed to act against ineffective public defenders. However, plaintiff does not allege that he (plaintiff) has been represented by a public defender who provided ineffective assistance of counsel. For this reason, the undersigned finds that plaintiff fails to demonstrate standing to raise the claims pled in the complaint.

Turning to defendant California Attorney General, the Ninth Circuit held that an attorney general has absolute immunity, except they "are not immune from any actions that are wholly unrelated to or outside of their official duties." Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001). Plaintiff suggests that overseeing public defenders is an official duty of defendant California Attorney General. In that case, defendant California Attorney General is entitled to absolute immunity. Accordingly, the claims against defendant California Attorney General are dismissed.

Turning to defendants Sacramento County Counsel and Placer County Counsel, to state a potentially colorable claim against these defendants, plaintiff must allege that (1) he was deprived of his constitutional rights by the government entity and its employees acting under color of state law; (2) that the government entity has "customs or policies which amount to deliberate indifference" to the plaintiff's constitutional rights; and (3) that these customs or policies were "the moving force behind the constitutional violations." Lee v. City of Los Angeles, 250 F.3d 668, 681–82 (9th Cir. 2001) (citation omitted).

Plaintiff fails to allege that defendants Sacramento County Counsel and Placer County Counsel had policies or customs that were the moving force behind violations of plaintiff's constitutional rights. Accordingly, the claims against these defendants are dismissed.

Turning to defendant California Legislature, section 1983 requires a showing of a violation committed by a "person acting under the color of state law." Neither a state nor "arms of the State" are "persons" within the meaning of § 1983. See Hale v. Arizona, 993 F.2d 1387, 1398 (9th Cir.1993), abrogated on other grounds by Seminole Tribe v. Florida, 517 U.S. 44 (1996) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-66 (1989)). Therefore, the California Legislature is not an appropriate party to this action.

Finally, if plaintiff files an amended complaint, plaintiff is cautioned that a claim for damages based on an alleged unconstitutional conviction or sentence may be barred by Heck v. Humphrey, 512 U.S. 477 (1994).  To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Heck, 512 U.S. at 486-487.  A claim for damages related to a conviction or sentence that has not been invalidated is not cognizable under § 1983.  Id. at 487.

For the reasons discussed above, plaintiff's complaint is dismissed with leave to amend.  If plaintiff chooses to amend the complaint, the amended complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Placer County Sheriff filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: February 9, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Khad2675.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI,<br><br>          Plaintiff,<br><br>     v.<br><br>ATTORNEY GENERAL OF CALIFORNIA, et al.,<br><br>          Defendants. | No. 2:23-cv-2675 KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____         Amended Complaint

                                                  _____
                                                  Plaintiff